1  DAN SIEGEL, SBN 56400
   JALLE DAFA, SBN 290637
2  EMILYROSE JOHNS, SBN 294319
   SIEGEL & YEE
3  499 14th Street, Suite 300
4  Oakland, California 94612
   Telephone: (510) 839-1200
5  Facsimile: (510) 444-6698

6
   Attorneys for Plaintiff
7  CHARLENE JIMERSON

8
9              **UNITED STATES DISTRICT COURT**
10            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12 CHARLENE JIMERSON,                            )  Case No.
                                                 )
13         Plaintiff,                            )  **COMPLAINT FOR DAMAGES**
                                                 )
14     vs.                                       )  **(Civil Rights)**
                                                 )
15 CITY OF HAYWARD; RUSSELL                      )  **Demand for Jury Trial**
16 SHARROCK, individually and in his             )
   official capacity as a police officer for the )
17 City of Hayward; RAYMOND EAKIN,               )
18 individually and in his official capacity as  )
   a community service officer for the City of   )
19 Hayward; JOHNATHAN COLTON,                    )
   individually and in his official capacity as  )
20 a community service officer for the City of   )
21 Hayward; EUGENE JIMERSON, SR.,                )
   father of the decedent.                       )
22                                               )
           Defendants.                           )
23 _____

24     CHARLENE JIMERSON, mother and heir of EUGENE JIMERSON, JR.,
25
   deceased, brings this combined survival action on behalf of EUGENE JIMERSON, JR.
26
   and wrongful death action. Plaintiff alleges as follows:
27
                        **JURISDICTION AND VENUE**
28
       1.      Plaintiff brings claims pursuant to 42 U.S.C. § 1983, the Fourth and

---

*Jimerson v. City of Hayward,* No.
Complaint - 1

Fourteenth Amendments to the United States Constitution, and state law.

2. This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution).

3. The state law claims in this action are so related to the claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

4. Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

**PARTIES**

5. At all times relevant hereto, plaintiff CHARLENE JIMERSON was the mother of EUGENE JIMERSON.

6. At all times relevant hereto, defendant CITY OF HAYWARD was a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, defendant CITY OF HAYWARD operates the Hayward Police Department and employs police officers.

7. At all times relevant hereto, defendant RUSSELL SHARROCK was a police officer employed by the Hayward Police Department in the City of Hayward. He is sued individually and in his official capacity as a police officer for the City of Hayward.

8. At all times relevant hereto, defendant RAYMOND EAKIN was a

community service officer employed by the Hayward Police Department in the City of Hayward. He is sued individually and in his official capacity as a community service officer for the City of Hayward.

9. At all times relevant hereto, defendant JOHNATHAN COLTON was a community service officer employed by the Hayward Police Department in the City of Hayward. He is sued individually and in his official capacity as a community service officer for the City of Hayward.

10. At all times relevant hereto, defendant EUGENE JIMERSON, SR., was the father of the decedent. His consent to be joined as a plaintiff in this case was not obtained.

**STATEMENT OF FACTS**

11. Decedent EUGENE JIMERSON JR. was a Hayward resident who suffered from schizophrenia. He was 5 foot 10 inches tall and weighed 209 pounds. He was unmarried and had no children.

12. Mr. JIMERSON was known to Hayward police and jail staff from his previous contacts with law enforcement.

13. On April 12, 2015, the Hayward Police Department was dispatched to the intersection of Soto Road and Jackson Street in Hayward to conduct a welfare check on a man who was darting in and out of traffic.

14. Officer RUSSELL SHARROCK arrived on scene and met Mr. JIMERSON as he exited Artega's Food Center on Jackson Street near that intersection.

15. Immediately upon encountering Mr. JIMERSON, Officer SHARROCK noticed that he was sweating profusely. In addition, Officer SHARROCK noticed that Mr. JIMERSON demonstrated paranoid behavior; was wide-eyed; had a white, pasty dry mouth; and a heartbeat of 160 beats per minute.

16. Officer SHARROCK arrested Mr. JIMERSON for being under the influence of a controlled substance in violation of California Health and Safety Code

section 11550.

17. Mr. JIMERSON did not resist or argue with Officer SHARROCK while being placed under arrest. Officer SHARROCK placed Mr. JIMERSON in the back of his patrol car and drove him to the Hayward City Jail.

18. Once in the police car, Mr. JIMERSON exhibited further paranoid behavior and incidentally knocked his knees against the front seats of the patrol car.

19. When Officer SHARROCK ordered Mr. JIMERSON to stop knocking his knees against the seats, Mr. JIMERSON would make efforts to do so but was only able to stay still for three to five seconds.

20. Mr. JIMERSON began breathing audibly and heavily in the patrol car on the way to the City Jail.

21. After they arrived at the City Jail, Officer SHARROCK escorted Mr. JIMERSON to a holding cell. Mr. JIMERSON was compliant.

22. Community Service Officer ("CSO") RAYMOND EAKIN immediately identified Mr. JIMERSON and informed Officer SHARROCK that Mr. JIMERSON should not be booked in the City Jail because of medical concerns.

23. CSO RAYMOND EAKIN said that Mr. JIMERSON had to be booked at the Santa Rita Jail ("County Jail") instead.

24. Officer SHARROCK left Mr. JIMERSON in the holding cell for approximately 10 minutes.

25. While in the holding cell, Mr. JIMERSON paced back and forth and climbed up and down off the bench in the cell. He was still sweating profusely, and his clothes were soaked through. He removed his shoes.

26. CSO EAKIN observed Mr. JIMERSON's odd behavior in the holding cell at the City Jail. He noticed that Mr. JIMERSON had cut his foot and was bleeding. However, CSO EAKIN did not request that Mr. JIMERSON receive medical attention. Rather, CSO EAKIN simply instructed Mr. JIMERSON to put his shoes back on.

27. At Officer SHARROCK's ready, CSO EAKIN escorted Mr. JIMERSON to the sally port next to Officer SHARROCK's patrol car. There, CSO EAKIN, Officer SHARROCK, and CSO COLTON applied the WRAP restraint device to Mr. JIMERSON. Mr. JIMERSON was not resisting or violent. Officer SHARROCK put Mr. JIMERSON in the WRAP simply to prevent him from moving around in the back of the patrol car as he had been on the way to the City Jail.

28. Although City Jail staff had access to the WRAP device, they were not trained on how to use it. CSO EAKIN had attended a two-hour training on leg restraints eight to 10 years prior to Mr. JIMERSON's death. There is no indication that this training was specific to the WRAP restraint device. CSO COLTON received training on leg restraints in 2006. Again, there is no indication that this training was specific to the WRAP restraint device.

29. Officer SHARROCK asked for and received the permission of his supervisor Sergeant Mark Ducker to use the device for transport to the County Jail. Sergeant Ducker watched as they applied the device.

30. The WRAP restraint device is manufactured and distributed by Safe Restraints, Inc. It is a device consisting of a shoulder harness, leg restraint, and hobble ankle strap that lock together to a detained person's handcuffs using carabineers.

31. The WRAP is used to immobilize violent and combative detained persons in a seated position with legs outstretched.

32. According to training materials produced by Safe Restraints, Inc., the WRAP is applied as follows: a detainee is handcuffed with his hands behind his back; a hobble strap is applied to his ankles; a canvas sheath with metal rod boning is strapped around the detainee's legs from mid-thigh to ankle and belted together forcing his legs straight; a vest is then clipped by carabineer to the detainee's handcuffs in the back and to the leg restraint in the front, forcing the detainee's torso perpendicular to his legs; finally the vest is cinched down by a strap on either side of the chest restraint.

33. Further, according to training materials produced by Safe Restraints, Inc., someone who is under the influence of a controlled substance or who is sweating profusely should be provided immediate medical attention.

34. Mr. JIMERSON was cooperative throughout his entire encounter with officers and jail staff including during the entire application of the WRAP restraint device.

35. Officer SHARROCK, CSO EAKIN and CSO COLTON misapplied the carabineer clip connecting the chest harness to the leg restraint. It was positioned under Mr. JIMERSON's ankles, rather than on top.

36. Mr. JIMERSON was walked to the car, where CSO EAKIN and another CSO pulled Mr. JIMERSON into Officer SHARROCK's patrol vehicle. Officer SHARROCK chose not to apply Mr. JIMERSON's seat belt.

37. Sergeant Ducker ordered another officer to follow Officer SHARROCK in his patrol car as Officer SHARROCK transported Mr. JIMERSON to the County Jail.

38. With Mr. JIMERSON still restrained and unbelted in the back of his patrol car, Officer SHARROCK stopped to pick up a Deputy Sheriff to participate in a ride-along.

39. Officer SHARROCK drove north on highway 880, east on highway 238, and east on 580 to get to the County Jail. During the ride, Mr. JIMERSON was moving with relative consistency in the back seat.

40. At the intersection of highway 680 and highway 580, Officer SHARROCK noticed that Mr. JIMERSON stopped moving. He called out to Mr. JIMERSON for a response but received none.

41. Despite this, Officer SHARROCK proceeded to travel to the County Jail. He exited approximately two exits later, at Hacienda Boulevard, which is the exit from highway 580 that leads to the County Jail. Mr. JIMERSON remained unresponsive.

42. Officer SHARROCK finally pulled over to check on Mr. JIMERSON. He

opened the rear door of his patrol car and found Mr. JIMERSON laying on his right side, with his head hanging off the seat towards the floorboard. Mr. JIMERSON's eyes were half open, he was drooling, and he was unresponsive to verbal and physical stimuli.

43. Officer SHARROCK checked Mr. JIMERSON's pulse and could not detect one.

44. Officer SHARROCK asked the officer who followed him to call for medical attention, who in turn asked the Deputy Sheriff make the call.

45. Officer SHARROCK and reported performing cardiopulmonary resuscitation ("CPR") on Mr. JIMERSON while he lay on the ground outside the patrol car. During CPR, Officer SHARROCK loosened but did not remove the WRAP device from Mr. JIMERSON's chest, and it was not until the Fire Department and Paramedics arrived that Mr. JIMERSON's handcuffs were removed.

46. Paramedics transported Mr. JIMERSON to ValleyCare Hospital, three minutes away. Twenty-five minutes elapsed between the time Officer SHARROCK pulled his vehicle over to check on Mr. JIMERSON and the time he arrived at the hospital.

47. Mr. JIMERSON was pronounced dead in the ValleyCare Hospital Emergency Department at 2135 hours.

**EXHAUSTION OF ADMINISTRATIVE RELIEF**

48. Plaintiff filed a claim regarding the matters asserted herein with the CITY OF HAYWARD under the California Government Tort Claims Act on October 8, 2015. The CITY OF HAYWARD denied her claim on December 11, 2015.

///
///
///
///

**FIRST CLAIM FOR RELIEF**
**USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT**
(By plaintiff as successor-in-interest to decedent EUGENE JIMERSON, JR. against defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON, individually and in their official capacities as peace officers for the City of Hayward.)
(42 U.S.C. § 1983)

49. Plaintiff incorporates by reference paragraphs 1 through 53 above as though fully set forth herein.

50. By virtue of the foregoing, defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON acted under color of law when they used a restraint device against EUGENE JIMERSON JR. without lawful justification and deprived decedent of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of his person by use of excessive force.

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEDICAL TREATMENT IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**
(By plaintiff as successor-in-interest to decedent EUGENE JIMERSON, JR. against defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON, individually and in their official capacities as peace officers for the City of Hayward)
(42 U.S.C. § 1983)

51. Plaintiff incorporates by reference paragraphs 1 through 55 above as though fully set forth herein.

52. By virtue of the foregoing, defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON acted with deliberate indifference to the serious medical needs of EUGENE JIMERSON JR. when they failed to summon medical attention for him when he was noted to have a heart beat of 160 beats per minute and other signs and symptoms of extreme intoxication, when they placed him in a restraint device while he displayed these signs, without lawful justification, and when they failed

to fully remove his restraints while administering CPR, and deprived decedent of his right under the Fourth and Fourteenth Amendments to the United States Constitution to be free of punishment without due process of law.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF CHILD'S RIGHT TO FAMILIAL RELATIONSHIP
(By plaintiff as successor-in-interest to decedent EUGENE JIMERSON, JR. against RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON, individually and in their official capacities as peace officers for the City of Hayward)
(42 U.S.C. § 1983)

53. Plaintiff incorporates by reference paragraphs 1 through 57 above as though fully set forth herein.

54. By virtue of the foregoing, defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON, acted under color of law when they used a restraint device against EUGENE JIMERSON JR. without lawful justification and deprived decedent of his substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with his parents.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF A PARENT'S RIGHT TO FAMILIAL RELATIONSHIP
(By plaintiff against defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON, individually and in their official capacities as peace officers for the City of Hayward)
(42 U.S.C. § 1983)

55. Plaintiff incorporates by reference paragraphs 1 through 59 above as though fully set forth herein.

56. By virtue of the foregoing, defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON acted under color of law when they used a restraint device against EUGENE JIMERSON JR. without lawful justification and deprived plaintiff of her substantive due process right under the Fourteenth

Amendment of the United States Constitution to the companionship and society of and association with her son.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO TRAIN
(By plaintiff as successor-in-interest to decedent EUGENE JIMERSON, JR. against defendant CITY OF HAYWARD)
(42 U.S.C. § 1983)

57. Plaintiff incorporates by reference paragraphs 1 through 61 above as though fully set forth herein.

58. Defendant CITY OF HAYWARD failed in its obligation to adequately train its police officers to refrain from subjecting persons being detained to excessive force.

59. Defendant CITY OF HAYWARD failed in its obligation to adequately train its police officers in the proper use and safety measures of the WRAP restraint device which it provides for use to its officers.

60. By virtue of the foregoing, defendant CITY OF HAYWARD was deliberately indifferent to the obvious consequences of its failure to train its police officers. As a result of inadequate training policies, officers employed by the CITY OF HAYWARD deprived EUGENE JIMERSON JR. of his rights, as set forth above.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA BANE ACT
(By plaintiff as successor-in-interest to decedent EUGENE JIMERSON, JR. against all defendants)
(California Civil Code § 52.1)

61. Plaintiff incorporates by reference paragraphs 1 through 65 above as though fully set forth herein.

62. By virtue of the foregoing, defendants CITY OF HAYWARD, RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON interfered by threats, intimidation, or coercion with the rights of the EUGENE JIMERSON, JR. secured by the Constitution of the United States and the Constitution of the State of California.

63.     By virtue of the foregoing, all defendants acted with malice and oppression and the intent to deprive and did deprive EUGENE JIMERSON, JR. of his rights to be free from detention using excessive force.

### SEVENTH CLAIM FOR RELIEF
### BATTERY BY A POLICE OFFICER
(By plaintiff as successor-in-interest to decedent EUGENE JIMERSON, JR. against all defendants)

64.     Plaintiff incorporates by reference paragraphs 1 through 68 above as though fully set forth herein.

65.     By virtue of the foregoing, defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON intentionally subjected decedent EUGENE JIMERSON, JR. to the use of unreasonable force.

66.     By virtue of the foregoing, defendant CITY OF HAYWARD learned that RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON intentionally subjected decedent to the use of unreasonable force and approved such conduct.

67.     By virtue of the foregoing, defendant CITY OF HAYWARD is liable for the acts of its employees, RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON, all of whom acted within the course and scope of their employment.

### EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE
(By plaintiff as successor-in-interest to decedent EUGENE JIMERSON JR. against all defendants)

68.     Plaintiff incorporates by reference paragraphs 1 through 72 above as though fully set forth herein.

69.     By virtue of the foregoing, defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON and THOMAS MACKENZIE breached their duty to not use excessive force against Mr. JIMERSON and this breach was the proximate

cause for Mr. JIMERSON's harm.

70. By virtue of the foregoing, defendant CITY OF HAYWARD learned that RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON breached their duty to not use excessive force against decedent and approved such conduct.

71. By virtue of the foregoing, defendant CITY OF HAYWARD is liable for the acts of its employees, RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON, each of whom acted within the course and scope of his employment.

**NINTH CLAIM FOR RELIEF**
**WRONGFUL DEATH**
(By plaintiff against all defendants)
(Cal. Code Civ. Proc., § 377.60)

72. Plaintiff incorporates by reference paragraphs 1 through 76 above as though fully set forth herein.

73. By virtue of the foregoing, defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON intentionally subjected decedent EUGENE JIMERSON, JR. to unreasonable force and the failure to summon for him necessary medical attention, and breached their duty to not use excessive force against decedent, resulting in the death of decedent and pecuniary loss to plaintiff.

74. By virtue of the foregoing, defendant CITY OF HAYWARD learned that RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON intentionally subjected decedent to unreasonable force and failure to provide necessary medical care and breached their duty to not use excessive force against decedent and to not subject decedent to punishment without due process of law, and approved such conduct.

75. By virtue of the foregoing, defendant CITY OF HAYWARD is liable for the acts of its employees, RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN

COLTON, all of whom acted within the course and scope of their employment.

## DAMAGES

76. As a result of the actions of defendants, plaintiff has been injured and has suffered damages as follows:

    a. She has been physically, mentally, emotionally, and financially injured and damaged as a proximate result of EUGENE JIMERSON, JR.'s wrongful death, including, but not limited to, the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

    b. She has incurred funeral and burial expenses;

    c. In her capacity as successor-in-interest to decedent, she is entitled to recover for the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

    d. In taking the actions alleged above, defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON engaged in conduct that was malicious, oppressive, and in reckless disregard of the rights of decedent and plaintiff. Accordingly, plaintiff is entitled to punitive damages against defendants RUSSELL SHARROCK, RAYMOND EAKIN, and JOHNATHAN COLTON.

WHEREFORE, plaintiff requests that this Court grant her relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: June 9, 2016

SIEGEL & YEE

By: _____
Dan Siegel

Attorneys for Plaintiff
CHARLENE JIMERSON

---

*Jimerson v. City of Hayward*, No.
Complaint - 14