UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLENE JIMERSON**, <br> Plaintiff, <br> v. <br> **CITY OF HAYWARD, ET AL.**, <br> Defendants. | Case No. 16-cv-03176-YGR <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** <br><br> Re: Dkt. No. 26 |

Plaintiff Charlene Jimerson's complaint stems from the death of her son, Eugene Jimerson, Jr. ("Mr. Jimerson"), who died while in City of Hayward police custody on April 12, 2015. On December 9, 2016, plaintiff filed a Motion to Amend the Scheduling Order and for Leave to File Amended Complaint. (Dkt. No. 26.) In her motion, Plaintiff seeks to add two new claims regarding defendants' alleged failure to accommodate Mr. Jimerson's disability (schizophrenia), as required by the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 (RA). The proposed amendment also removes a claim that plaintiff is no longer pursuing: the third claim based on the denial of Mr. Jimerson's right to a familial relationship with plaintiff. On December 22, 2016, defendant filed its opposition. (Dkt. No. 29.) Plaintiff filed her reply on December 29, 2016. (Dkt. No. 32.)

Having carefully considered the parties' submissions, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Amend the Scheduling Order and for Leave to File an Amended Complaint as follows:[1]

(1) Plaintiff's motion to amend the complaint to remove the third claim based on the denial

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on January 17, 2017, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for January 17, 2017.

of Mr. Jimerson's right to a familial relationship with plaintiff is **GRANTED**; and

(2) Plaintiff's motion to add two new claims regarding defendants' alleged failure to accommodate Mr. Jimerson's disability under the ADA and RA is **DENIED WITHOUT PREJUDICE**.

## PROCEDURAL HISTORY

Plaintiff first filed suit alleging claims for violations of the Fourth and Fourteenth Amendment, violation of the California Bane Act, battery, negligence, and wrongful death on June 10, 2016. (Dkt. No. 1.) Defendants answered the complaint on July 12, 2016. (Dkt. No. 12.) On October 19, 2016, the Court issued its pre-trial scheduling order, which permits amendment of pleadings only with Court approval. (Dkt. No. 21.) The discovery cutoff is September 29, 2017 for both expert and non-expert discovery. (*Id.*)  The deadline to hear dispositive motions is September 12, 2017.  *Id.*  A trial has been set for December 4, 2017.  *Id.*

## LEGAL STANDARD

The Court is granted wide discretion in the determination of pre-trial matters. *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). Pursuant to Federal Rule of Civil Procedure 16(b)(4), a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Where a schedule has been ordered, a party's ability to amend its pleading is governed by this "good cause" standard, not the more liberal standard of Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b) and, if "good cause" is shown, the party must than demonstrate that amendment is also proper under Rule 15)). In order to determine whether "good cause" exists, courts primarily consider the diligence of the party seeking the modification. *Id.* at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citation omitted). Courts also consider five factors when assessing the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009) (citation omitted).

**DISCUSSION**

**I.     PLAINTIFF MAY AMEND COMPLAINT TO REMOVE THIRD CLAIM**

The Court finds that it is in the interest of judicial efficiency to permit plaintiff to amend her complaint to remove a claim she will no longer be pursuing. Thus, the Court **GRANTS** plaintiff's motion to amend her complaint to remove the third claim based on the denial of Mr. Jimerson's right to a familial relationship with plaintiff.

**II.    PLAINTIFF HAS FAILED TO DEMONSTRATE GOOD CAUSE TO ADD NEW CLAIMS**

The standard for amending the scheduling order is "good cause," which focuses on the diligence of the moving party in pursuing the amendment. *Johnson*, 975 F.2d at 609. Diligence examines the party's "reasons for seeking modification." *Id*. If the party has not shown it was diligent, then "the inquiry should end." *Id*. Plaintiff has failed to provide any rationale as to the need for amendment in her motion papers. Furthermore, this case was filed six months before plaintiff's motion, and there was no indication from plaintiff at the case management conference that she would need to amend. In support of her motion, plaintiff argues that "[t]his is the first amendment the plaintiff is seeking, and no other amendments have been proposed between the time plaintiff knew that her newly proposed claims for relief were plausible and the timing of this amendment." (Dkt. No. 26 at 4.) However, plaintiff does not explain why she only recently learned that her newly proposed claims for relief were plausible by, for example, elaborating upon any new discovery or case law that precipitated the motion. Thus, the Court finds that plaintiff has not shown "good cause" for amendment exists.

**III.   AMENDMENT WOULD BE FUTILE**

A district court does not err in denying leave to amend where the amendment would be futile or where the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). Futility of amendment alone can justify the denial of a motion. *Ahlmeyer*, 555 F.3d at 1055 (citation omitted).

In addition to the foregoing, the Court is concerned with the lack of legal justification for the proposed amendments. Plaintiff seeks to add two new claims regarding defendants' failure to accommodate Mr. Jimerson's disability under the ADA and the RA. "To state a claim under Title

3

II of the ADA, a plaintiff generally must show: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of her disability. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations omitted). Similarly, to state a claim under the Rehabilitation Act, plaintiff must show (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. *Id.* (citation omitted). The parties agree that "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act" and that "courts have applied the same analysis to claims brought under both statutes." *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

Plaintiff has failed to provide legal authority for its proposed amendment to include claims under the ADA and RA. Under the instant circumstances, plaintiff has also failed to plead with specificity the police conduct she contends was discriminatory, or to explain how such conduct was discriminatory. Rather, in support of her motion, plaintiff has advanced what appears to be a novel theory lacking in legal basis that—on its face—is improperly asserted against defendants in their individual capacity. The Court finds it would be a waste of judicial resources to permit such amendment and engage in subsequent motion practice without further clarification as to the legal basis for plaintiff's new claims.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Amend the Scheduling Order and for Leave to File Amended Complaint is **GRANTED IN PART** and **DENIED IN PART**. This Order terminates Dkt. No. 26.

**IT IS SO ORDERED.**

Dated: January 13, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**